**No. 25-13631-C**

# United States Court of Appeals
# for the Eleventh Circuit

———————————————

CITADEL SECURITIES LLC,

*Petitioner*,

v.

U.S. SECURITIES AND EXCHANGE COMMISSION,

*Respondent*.

———————————————

On Petition for Review of an Order of the
Securities and Exchange Commission

## RESPONSE TO INTERVENOR INVESTORS EXCHANGE LLC'S MOTION TO RESCHEDULE ORAL ARGUMENT

Brian A. Richman
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX  75201-2923
(214) 698-3100

Eugene Scalia
  *Counsel of Record*
Helgi C. Walker
John W. Tienken
Brandon Wolf
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
(202) 955-8500
EScalia@gibsondunn.com

*Counsel for Petitioner*

February 6, 2026

## RESPONSE TO MOTION TO RESCHEDULE ORAL ARGUMENT

Petitioner Citadel Securities, LLC ("Citadel") respectfully submits this response to Intervenor Investors Exchange LLC ("IEX")'s Motion to Reschedule Oral Argument. *See* Dkt. 44 (Feb. 5, 2026).

Since January 7, 2026, oral argument in this expedited appeal has been set for the week of April 27, 2026. Now, almost a month later, IEX asks the Court to reschedule, proposing alternative dates for oral argument: March 11, March 30, or April 14 to 17, 2026. If the Court's schedule permits it to hear argument on one of those dates, Citadel has no objection to argument being moved to such date. Citadel, however, respectfully opposes any rescheduling that would impair or delay this Court's review, or otherwise inconvenience the Court.

IEX's request to reschedule oral argument is belated. On January 7, this Court calendared the case for oral argument during the week of April 27, 2026. *See* Dkt. 28-1. The notice directed the parties to alert the Clerk's Office to any scheduling conflicts "**AS SOON AS POSSIBLE**" and to "***TELEPHONE THIS OFFICE IMMEDIATELY WITH ANY SCHEDULING REQUESTS***." *Id.* (emphasis and capitalization in original). Despite being "notified of the date of the potential trial during a

1

conference" that same day, Dkt. 44 at 2-3, counsel for IEX filed the instant motion to reschedule almost a month later.  That was three weeks after the trial court in *Musk v. Altman* set its trial schedule.  *See* Order re Trial Date, ECF No. 386, *Musk v. Altman*, No. 24-cv-4722 (N.D. Cal. Jan. 13, 2026).  And IEX did not advise counsel for Citadel of potential alternative dates until January 30.  IEX's delay in seeking to move the scheduled argument should not upset this Court's plans.

To the extent argument would be delayed beyond the week of April 27, that would undermine the expedited consideration of this case.  The parties agreed to an expedited schedule, Dkt. 17, which the Court adopted, Dkt. 21, and on November 17, 2025, the Court issued an order to place the appeal on the next available oral argument calendar with a vacancy, *id.*  Expedited treatment was warranted because timely judicial review before the impending launch of IEX's options exchange will prevent irreversible damage to investors and mitigate otherwise unrecoverable compliance costs.  *See* Dkt. 7-1.

Given the circumstances and the importance of expedited review in this case, Citadel respectfully requests that if the Court is unable to hear

2

argument on any of the new dates proposed by IEX, oral argument should

proceed as indicated in the Court's January 7 notice.

Dated:  February 6, 2026

|  | /s/ Eugene Scalia |
| --- | --- |
| Brian A. Richman | Eugene Scalia |
| GIBSON, DUNN & CRUTCHER LLP | Helgi C. Walker |
| 2001 Ross Avenue, Suite 2100 | John W. Tienken |
| Dallas, TX  75201 | Brandon Wolf |
| (214) 698-3100 | GIBSON, DUNN & CRUTCHER LLP |
|  | 1700 M Street, N.W. |
|  | Washington, D.C.  20036 |
|  | (202) 955-8500 |
|  | escalia@gibsondunn.com |

*Counsel for Petitioner*
*Citadel Securities LLC*

3

# CERTIFICATE OF ELECTRONIC SUBMISSION

I certify that: (1) any required privacy redactions have been made; (2) the electronic submission of this document is an exact copy of any corresponding paper document; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free from viruses.

Dated: February 6, 2026          Respectfully submitted,

                                           */s/ Eugene Scalia*
                                          Eugene Scalia

                                          *Counsel for Petitioner*
                                          *Citadel Securities LLC*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

**1.    Type Volume**

  __X__      This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding parts of the document exempted by Federal Rules of Appellate Procedure 32(f), this document contains 422 words.

**2.    Typeface and Type Style**

  __X__      This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared using Microsoft Word 2019 in 14-point, New Century Schoolbook font.

Dated:  February 6, 2026

                                  /s/ *Eugene Scalia*
                                      Eugene Scalia

# CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of February 2026, a true and correct copy of the foregoing was filed electronically and served on all counsel through this Court's CM/ECF system.

Dated: February 6, 2026          Respectfully submitted,

                                          */s/ Eugene Scalia*
                                   Eugene Scalia

                                   *Counsel for Petitioner*
                                   *Citadel Securities LLC*

Certificate 3